UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM FIRE AND
CASUALTY COMPANY,

          Plaintiff,

v.

MELINDA STONE, et al.,

          Defendants.

Case No. 16-12831
Hon. Terrence G. Berg

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT   (DKT. 22)**

## I.   Introduction

This case involves the duty of the insurer to defend and indemnify the insured. Plaintiff State Farm and Casualty Company has filed a motion seeking a judgment declaring that it does not have a duty to continue defending or to indemnify Defendants Melinda and Douglas Stone in a defamation case that a third party has brought against them. Plaintiff moves for summary judgment, which the Stones oppose.

Pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201(a), this court has discretionary jurisdiction over actions for a declaratory judgment. For the reasons outlined below, the Court will exercise its jurisdiction over this matter and **GRANT** Plaintiff's motion.

## II. Background

As a preliminary matter, although Plaintiff filed this case against Melinda Stone and Douglas Stone (her husband), Melinda Stone is the only defendant relevant to the facts underlying this motion. Accordingly, any reference in this order to Defendant refers to Melinda Stone.

Defendant was a patient of Dr. Jake Heiney, formerly an orthopedic doctor. Dkt. 1-2, Pg. ID 66. In 2015, Heiney physically examined her. After the exam, Defendant claimed that Heiney touched her inappropriately and reported him to law enforcement. Dkt. 1-2, Pg. IDs 66-67. Criminal charges were brought against Heiney, who was found guilty after a jury trial. He was imprisoned and lost his license to practice medicine. Dkt. 1-2, Pg. IDs 68, 70. Defendant also brought a civil suit against Heiney, which is pending in Lucas County, Ohio. Dkt. 1-2, Pg. ID 68. He responded with a counter-complaint against Defendant and her husband for defamation based on reports Defendant made to third parties, including law enforcement agents.

In response to Heiney's defamation lawsuit, Defendant and her husband sought defense and indemnification through Plaintiff, her homeowner's insurance provider. Defendant requested that, under her homeowner's insurance policy (hereinafter "the policy"), Plaintiff provide her and her husband with legal defense against Heiney's counter-complaint and indemnification if a judgment is entered based on his allegations.

Dkt. 1, Pg. ID 3. Defendant and her husband obtained the policy from Plaintiff in Monroe County, Michigan. Dkt. 1, Pg. ID 2.

The policy, in relevant part, provides insurance for any damages the insured may be liable for due to an "occurrence," which the policy defines as an "accident" that results in "bodily injury." Dkt. 1, Pg. ID 3. Under the policy, "bodily injury" does not include emotional damages, unless they arise from a physical injury. Dkt. 1, Pg. ID 4. Plaintiff currently is providing representation for Defendant and her husband against Heiney's counter-complaint under a reservation of rights. Dkt. 22 Pg. ID 159. Plaintiff seeks a declaratory judgment stating that it does not have a duty to defend or indemnify Defendant or her husband under the policy because: (1) Defendant cannot be said to have accidentally caused Heiney to file his counter-complaint, and (2) even if she could, Heiney does not allege bodily injury. Dkt. 22, Pg. IDs 158, 164, 170.

### III. Jurisdiction

A district court's exercise of jurisdiction under the Declaratory Judgment Act is discretionary. *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494 (1942). The Sixth Circuit has articulated five factors for district courts to balance in deciding whether to exercise jurisdiction over declaratory judgment actions:

    1. whether the judgment would settle the controversy;

3

2. whether the judgment would clarify the legal relations at issue;
3. whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata;"
4. whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
5. whether there is an alternative remedy that is better or more effective.

*Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 813 (6th Cir. 2004) (quoting *Scottsdale Ins. Co.,* 211 F.3d 964, 968 (6th Cir. 2000)).

Here, a declaratory judgment would settle the controversy before the Court, and clarify the legal relationship between the parties, because it would fully resolve the only issue before the Court—that is, whether or not State Farm has a duty to defend and indemnify Melinda Stone and her husband in Dr. Heiney's lawsuit against them. *See, e.g., Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 556 (6th Cir. 2008) (district court's declaratory judgment settled controversy where the only issue before the court was whether the insurer owed the insured duties to defend and indemnify, and the insurer was not a party to the underlying state court action).

Moreover, nothing in this case indicates that Plaintiff is using the declaratory remedy for an improper purpose.

4

Additionally, in exercising jurisdiction over this matter, this Court would not improperly encroach on state jurisdiction, because the underlying lawsuit in this case was filed in Ohio, and, as discussed below, the dispute between Plaintiff and Defendant must be decided under Michigan law, which this Court is better-suited to apply than is an Ohio state court.

Finally, while Plaintiff could have filed this action in Michigan state court, Plaintiff was also entitled to sue in federal court under diversity jurisdiction. Moreover, principles of judicial economy militate against dismissing this case solely because Plaintiff could have brought this case in the state court system.

Accordingly, after balancing the five factors enumerated in *Bituminous Cas. Corp* and other Sixth Circuit cases, the Court, under 28 U.SC. § 2201(a), elects to exercise jurisdiction over this action.

## IV.   Standard of Review

In diversity cases, federal courts apply federal procedural law and state substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 92 (1938).

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and that movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When considering a motion for summary judgment, the court must view the evidence and any reasonable inferences regarding the evidence in favor of the non-moving

party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

## V.     Analysis

Plaintiff seeks a judgment declaring that Defendant's homeowner's policy does not cover the defamation lawsuit Heiney filed against her and her husband. The policy states that, "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury . . . to which this coverage applies, caused by an occurrence, we will: pay up to our limit of liability for the damages for which the insured is legally liable." Dkt. 1-1, Pg. IDs 45-46.  According to the policy, an "occurrence" is defined as an "accident" that results in "bodily injury." *Id*. Plaintiff argues that the policy does not cover Defendant because: (1) Defendant's conduct that resulted in Heiney's defamation counter-complaint was not accidental and (2) Heiney alleges only emotional injury.  Dkt. 22, Pg. ID 170.

### *1. Heiney's Defamation Lawsuit as an "Occurrence"*

Under the policy, an "occurrence" is defined as an "accident." Accordingly, to prove that coverage does not apply, Plaintiff must show that Heiney's counter-complaint against Defendant was not an accident, that is, that Defendant's conduct in reporting Heiney to the police and making allegations against him in a civil lawsuit did not accidentally result in the defamation lawsuit Heiney brought against her.

6

Although the policy does not define "accident," Michigan common law requires that contractual language be given its ordinary and plain meaning. *G & A Inc. v. Nahra*, 514 N.W.2d 225 (Mich. Ct. App. 1994) (citing *Bianchi v. Auto Club of Michigan*, 467 N.W.2d 17 (Mich. 1991)). Michigan courts have defined "accident" as "a happening by chance," "something out of the usual course of things," and "not naturally to be expected." *Citizens Ins. Co. v. Secura Ins.*, 755 N.W.2d 563, 567 (Mich. Ct. App. 2008) (quoting *Guerdon Industries, Inc. v. Casualty Co. of New York*, 123 N.W.2d 143 (Mich. 1963)). When examining an alleged injury, actions are not accidental where either the insured intended the injury or the insured created a direct risk of harm from which the injury should have naturally been expected. *Allstate Ins. Co. v. McCarn*, 645 N.W.2d 20, 23 (Mich. 2002). The insurance policy reflects this understanding, as it exempts coverage for injuries that the insured intentionally inflicted or should have reasonably expected. Dkt. 1-1, Pg. IDs 45-46.

Both parties agree that Defendant intentionally reported Heiney's conduct to relevant law authorities and filed a lawsuit against him. Dkt. 27, Pg. ID 328. In response, Heiney filed a counter-complaint, alleging defamation.[1] Dkt. 26, Pg. ID 317.

---

[1] The Court expresses no opinion on whether any of Defendant's conduct constitutes defamation under Michigan law, although there is case law that suggests it does not. *See Hall v. Pizza Hut of America, Inc.*, 396 N.W.2d 809 (Mich. Ct. App. 1986) (explaining that communications to police officers have at least qualified privilege, if not absolute privilege).

Michigan courts take an expansive view of what conduct qualifies as a risk an insured should have foreseen. *See, e.g., Nabozny v. Burkhardt*, 606 N.W.2d 639 (Mich. 2000) (unintended bodily harm, including a broken ankle, should have naturally been expected from someone who participated in a fight); *Liberty Mut. Fire Ins. Co. v. Stoutenburg*, 2009 WL 2852893 (Mich. Ct. App. 2009) (any bodily injury, even if it was unintended, should have naturally been expected from discharging a firearm). Applying this case law, a reasonable juror might well conclude on these facts that Defendant should have foreseen that filing a civil, sexual misconduct suit against a doctor might result in a counter-complaint for defamation.[2] The Court need not reach the merits of this question, however, because whether Defendant should have foreseen Heiney's counter-complaint or not has no bearing on the fact that Heiney alleges emotional injury only, which, as discussed further below, the policy clearly does not cover.

---

[2] Of course, the question of whether a person is entitled to representation and defense under an insurance policy is distinct from the question of whether it is fair for a person to be required to defend against a seemingly meritless lawsuit. Those kinds of fairness issues are better addressed in state court proceedings. See *Grass Lake Imp. Bd. v. Department of Environmental Quality*, 891 N.W.2d 884, 890 (Mich. Ct. App. 2016) (explaining that an award of attorney's fees is appropriate when a claim is "devoid of arguable legal merit" and "[the claim] is not sufficiently grounded in law or fact").

### 2. The Policy's Physical Injury Requirement

For a duty to defend to arise, the policy requires a bodily injury, which it defines as "physical injury," and specifically excludes "emotional distress," "mental distress," or any other emotional condition that does not "arise[] out of actual physical injury to some person." Dkt. 1-1, Pg. IDs 45-46.

Under Michigan law, the terms of an insurance policy, and not the language in the pleadings, trigger an insurer's duty to defend. *Tobin v. Aetna Cas. & Surety Co.,* 436 N.W.2d 402, 403 (Mich. Ct. App. 1988). When a complaint is merely an attempt to trigger insurance coverage, the court will look to the substance of the claim, rather than the language of the pleadings. *Id. See Allstate Ins. Co. v. Freeman*, 443 N.W.2d 734, 737 (Mich. 1989); *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448 (6th Cir. 2003) (applying Michigan law). In addition, under Michigan law, an emotional injury qualifies as a bodily injury only when the emotional injury emanates from a physical injury. *See Hunter v. Sisco,* 832 N.W.2d 753 (Mich. Ct. App. 2013) *overruled on other grounds*; *Fitch v. State Farm Fire and Cas. Co.*, 536 N.W.2d 273 (Mich. Ct. App. 1995); *Greenman v. Mich. Mut. Ins. Co.,* 433 N.W.2d 346 (Mich. Ct. App. 1988).

Looking to Heiney's counter-complaint and the alleged underlying conduct, this Court finds no allegation of physical injury. The counter-complaint lists a number of emotional injuries, including "depression,

9

emotional distress, humiliation, mortification and embarrassment, sleeplessness, [and] anxiety", and then, at the end of the list, includes the words "physical damages" without any specification of what these physical damages are. Dkt. 1-2, Pg. IDs 68, 70.[3] Just as courts have held that adding "negligence" to the pleadings of an intentional tort claim is insufficient to cause the claim to sound in negligence, *Freeman*, 443 N.W.2d at 737, adding the words "physical damages" to pleadings alleging only emotional forms of injury is insufficient to give the claim a basis in physical damages.

Thus, because the policy requires an insured to have caused physical injury in order to trigger Plaintiff's duty to defend on a related lawsuit, and Heiney's claims are for emotional injuries only, no reasonable jury could conclude that Defendant is entitled to a defense from Plaintiff against Heiney's defamation lawsuit. Plaintiff State Farm Fire and Casualty Company, therefore, does not have to continue defending, and has no duty to indemnify, Douglas or Melinda Stone against the allegations brought against them by Jake Heiney in the Court of Common Pleas of Lucas County, Ohio under Case No. C1020 1601885.

---

[3] Of the damages Heiney alleged, only sleeplessness could conceivably be considered a physical condition or injury. Every other injury Heiney listed is clearly an emotion or directly relates to emotional well-being. Michigan law, however, treats sleeplessness as a mental injury. *See e.g. Price v. High Pointe Oil Co., Inc.,* 817 N.W.2d 583 (Mich. Ct. App. 2011); *People v. Petrella,* 380 N.W.2d 11 (Mich. 1985).

# VI. Conclusion

For the foregoing reasons, the Court exercises jurisdiction over this declaratory judgment action and **GRANTS** Plaintiff's motion for summary judgment.

**SO ORDERED.**

Dated: July 17, 2017      s/Terrence G. Berg
                                          TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on July 17, 2017.

                                            s/A. Chubb

                                            Case Manager